# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00205-CR

**The State of Texas, Appellant**

**v.**

**Roy Guzman, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 705339, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent. I agree with the State that, at the very least, Officer Scherbek had reasonable suspicion that Guzman had violated section 545.351 of the transportation code. *See* Tex. Transp. Code Ann. § 545.351(a) (West 1999) ("An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing."), (c)(1) ("An operator shall . . . drive at an appropriate reduced speed if . . . the operator is approaching and crossing an intersection . . . .").

The trial court found that (1) at approximately 11:50 p.m. on Friday, July 1, 2005, Guzman was stopped at a red light at the intersection of East Cesar Chavez Street and the Interstate 35 frontage road; (2) Guzman was second in line at the light, with Officer Scherbek stopped in line immediately behind him; (3) as the light turned green, Guzman's right rear tire spun "for approximately three to six seconds" as he accelerated from being stopped; (4) to an extent that "the

spinning motion of the tire cause[d] the tire to smoke and it caused the right rear tire to appear shiny." Officer Scherbek testified without dispute that the intersection where these events occurred was busy and crowded—Guzman was stopped in the left-most of two lanes on East Cesar Chavez, with cars in front of him, behind him, alongside him on the right heading the same direction, and approaching from across the intersection in the oncoming lanes to his left. In such a setting, as the trial court found, Guzman nonetheless accelerated from a stop in a manner causing his a rear tire to spin (a sign of losing traction and control, as the majority acknowledges) for "approximately *three to six* seconds," to an extent that the tire smoked and appeared shiny. In these circumstances, I would hold that Officer Scherbek could have reasonably suspected that Guzman was driving at an unreasonable, imprudent, and inappropriate speed amid a crowd of other motorists at a busy intersection.

As this ground would alone be decisive of Guzman's motion to suppress, I express no opinion regarding the State's remaining issues, other than to observe that the majority's analysis may suggest cause for the legislature to revisit whether its 2003 amendments to transportation code section 545.420 clearly and accurately reflect its intent.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Filed:   August 8, 2007

Publish

2